**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 22 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JENNY MATILDE RIVERA-DE MONTOYA; HAZEL ESTEFANI MONTOYA-RIVERA, <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.   18-73083 <br><br> Agency Nos.   A206-731-304 <br> A206-731-305 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 17, 2023[**]
San Francisco, California

Before:  FRIEDLAND, BADE, and KOH, Circuit Judges.

Jenny Matilde Rivera-De Montoya ("Rivera-De Montoya") and her

daughter, Hazel Estefani Montoya-Rivera, are natives and citizens of El Salvador.

They petition this court for review of the dismissal by the Board of Immigration

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Appeals ("BIA") of their appeal of the decision by the Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. Substantial evidence supports the BIA's conclusion that Petitioners failed to meet the nexus requirement for asylum. To meet the nexus requirement for asylum, the applicant must show a protected ground—race, religion, nationality, membership in a particular social group, or political opinion—was "at least one central reason" that the applicant was or will be persecuted. *Aden v. Wilkinson*, 989 F.3d 1073, 1084 (9th Cir. 2021) (quoting 8 U.S.C. § 1158(b)(1)(B)(i)); *see also* 8 U.S.C. § 1101(a)(42). There is no evidence in the record that Rivera-De Montoya or her daughter were personally harmed or threatened while in El Salvador. Rivera-De Montoya testified that she fears returning to El Salvador because the 18th Street Gang controls her neighborhood. Specifically, Rivera-De Montoya testified to the following: First, gang members went to her daughter's school and tried to recruit students by threatening them. Second, Rivera-De Montoya witnessed a gang member kill a bus fare collector after the collector refused to give the gang member money. Third, gang members threatened to kill Rivera-De Montoya's grandfather and harm his family if he did not pay them $5,000. The police investigated the extortion threats and made

2

contact with the residents of the home where the extortion money was to be delivered. Although the police did not capture the callers, the gang members did not call again. Fourth, Rivera-De Montoya's brother was approached by four gang members at a car repair shop, where the gang members disrobed him and the workers at the repair shop to check for gang tattoos and beat them with sticks and machetes.

Petitioners' evidence of harm on account of general violence and crime is insufficient to meet the nexus requirement for asylum. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

2. To be eligible for withholding of removal, an applicant must demonstrate (1) the existence of a cognizable particular social group, (2) her membership in that particular social group, and (3) a risk of persecution on account of her membership in the specified particular social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1132 n.3 (9th Cir. 2016). The BIA concluded that "[w]om[e]n who are unable to protect themselves from the gang violence and extortion" was not a cognizable social group because it failed the particularity and social distinction requirements. Petitioners have pointed to no evidence that this group has social distinction in El Salvador. The BIA therefore permissibly denied Petitioners'

3

claims for withholding of removal.

3.     Substantial evidence also supports the BIA's conclusion that Petitioners failed to show that they would more likely than not be tortured with the consent or acquiescence of the Salvadorian government. To support their CAT claim, Petitioners rely on the same evidence in support of their asylum and withholding claims, but these facts and Petitioners' country conditions evidence do not compel the conclusion that Petitioners would more likely than not be tortured or that such torture would occur with the consent or acquiescence of the Salvadorian government. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) (holding that a petitioner's testimony about gang extortion was insufficient to show it was more likely than not that the petitioner would be tortured with the consent or acquiescence of the government, especially where police "actively investigated" his aunt's death).

**PETITION DENIED.**